# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

## FORT LAUDERDALE DIVISION

JUANDEL PENA and MARTINA RUIZ, pro se,

FILED BY _____ **DR** _____ D.C.

**Nov 26, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Fort Lauderdale

Plaintiffs,

v.                                    **Case No.** _____

WELLS FARGO BANK, N.A. d/b/a WELLS FARGO AUTO,

Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### (FCRA, FLORIDA UCC ARTICLE 9, N.Y. GEN. BUS. LAW § 349)

1. Plaintiffs Juandel Pena and Martina Ruiz, pro se, sue Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto ("Defendant") for 10 discrete violations of the Fair Credit

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

3

Reporting Act (FCRA), Florida UCC Article 9, and N.Y. Gen. Bus. Law § 349 arising from wrongful repossession with breach of the peace, commercially unreasonable disposition, $34,183.26 in vehicle damage, fabricated $12,894 deficiency visible post-reinstatement, inaccurate credit reporting, failure to reinvestigate, and willful telephone harassment/retaliation after explicit written-only directive.

## JURISDICTION AND VENUE

2. Federal-question jurisdiction exists under 28 U.S.C. § 1331 (FCRA, 15 U.S.C. § 1681s-2(b)).

3. Diversity jurisdiction exists under 28 U.S.C. § 1332(a): Plaintiffs are citizens of Florida (Pena) and New York (Ruiz); Defendant is a South Dakota citizen; amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

5. Venue is proper in the Fort Lauderdale Division under 28 U.S.C. § 1391(b)(2) because the repossession, damage, and most harms occurred in Broward County, Florida.

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

4

# PARTIES

6. Plaintiff Juandel Pena resides in Broward County, Florida. He is the co-borrower, primary driver, and has been financially disabled since a December 2024 motor-vehicle accident while working as an Uber driver (Ex. B – Progressive Claim Estimate, Date of Loss Dec. 2024; Pena Affidavit).

7. Plaintiff Martina Ruiz resides in Brooklyn, New York. She is the main borrower with a documented illness rendering her voiceless during calls on November 5-6, 2025 (Ex. L – Notarized Illness Declaration, Nov. 6, 2025).

8. Defendant Wells Fargo Bank, N.A. is a national banking association with its main office in Sioux Falls, South Dakota and does business as Wells Fargo Auto.

# FACTUAL ALLEGATIONS

9. On December 15, 2022, Plaintiffs financed a 2015 BMW X5M through Defendant as original lender (Ex. A – Retail Installment Sale Contract).

10. In 2025, Plaintiffs suffered severe financial hardship due to Pena's 2024 accident. They notified Defendant offering documentation to hardship (Ex. B – Progressive Claim including date of loss + Pena Affidavit). No deferment was

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

5

offered despite requests—Plaintiffs secured first-ever deferment only after reinstatement + exhaustive efforts on August 28, 2025.

11. On June 16, 2025, Defendant demanded $1,498.20 due June 26 (Ex. D – Delinquency Letter)

12. On July 18, 2025, Defendant vaguely threatened "possible" repossession (Ex. C – Call Record + Pena Affidavit).

13. On August 1, 2025, at approximately 3:00 AM, Defendant's agent repossessed the 2015 BMW X5M using a hook-and-drag method, in direct violation of the BMW 2015 X5M Owner's Manual p. 231 (Ex. Q)** which states: **"DO NOT TOW BY HOOK — USE FLATBED ONLY."** This method caused:

- 20+ feet of tire drag marks (Ex. K – aftermath video recorded at 7:00 AM)

- Concrete gouging from undercarriage scraping on Plaintiff Pena's rental property.

- "$34,183.26 in documented damage (incl. repair shop estimate and 64 day storage fees)" (Ex. I) **A flatbed tow does not leave 20+ feet drag marks and driveway concrete gouging damage — basic physics. This unlawful method constitutes a breach of the peace under Fla. Stat. § 679.609 and renders the repossession outside the "lawful self-help" clause in Contract §9 (Ex. A). (Walsingham v. Rent-A-Car of Fla., 443 So. 2d 991 (Fla. 3d DCA 1983); Quest v. Barnett Bank, 397 So. 2d 1020

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

6

(Fla. 5th DCA 1981)) (Ex. K – Video + Photos; Ex. Q – BMW Manual p. 231; Pena Supplemental Affidavit).

14. On August 1, 2025, Defendant mailed post-repossession notice (Ex. R – Notice).

15. Tow damaged transfer case, airbags, tires, brakes, exhaust, suspension, body; estimate $34,183.26 incl. 64-day storage. The damages caused by Defendant's unlawful repossession and disposition exceeds the vehicle's current fair market value (approximately $22,000 per Kelley Blue Book, Ex. ZA), constituting total economic loss of Plaintiffs' collateral

 (Ex. J – Estimates + Invoices, Ex. K. Aftermath drag video (20+ ft tire marks) + photos + concrete gouging photos).

16. On August 5, 2025, Manager "Angelo" granted a 21-day redemption extension to August 28.

17. On August 12, 2025, Defendant posted fabricated $12,894 "deficiency balance adjustment" before reinstatement despite no sale of the Vehicle  (Ex. P  – November 11  Month-to-Date).

18. On August 13, 2025, at 9:52 a.m., rep confirmed extension was in place until August 28, 2025. Rep also confirmed there was still time to reinstate – which in theory confirms the account was not charged off. The same phone call rep admitted

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

7

the vehicle moved >300 miles to Manheim Orlando auction, (Ocoee Florida) "for storage" with 10–14 day return delays and no guarantee of sticking to that timeline (Ex. E – Aug. 13 952AM Call Audio + Transcript + Pena Affidavit).

19. On August 13, 2025, at 4:11 p.m. & 6:28 p.m., reps reiterated auction transport, no flatbed guarantee, no reimbursement for travel/cost if privately returned. (Ex. F – Aug. 13–14 Calls Audio + Transcripts + Pena Affidavit).

20. On August 13, 2025, Plaintiffs made first reinstatement payment (#93204506) (Ex. F – Aug. 13–14 Calls Audio + Transcripts + Pena Affidavit).

21. On August 14, 2025, Plaintiffs made final payment (#93334973), fully reinstating loan (Ex. F – Aug. 13–14 Calls Audio + Transcripts + Pena Affidavit).

22. On August 15, 2025, $12,894 deficiency remained visible despite reinstatement—illegal under Fla. Stat. § 679.626 (Ex. P Nov 11 Month-to-Date).

23. On August 21, 2025, Defendant deducted $12,894 as "charge-off adjustment"—admitting fabrication but reported for 6 days post-reinstatement (Ex. P Nov 11 Month-to-Date).

24. On August 28, 2025, the vehicle was ready for pickup. Within minutes of retrieving the vehicle Plaintiff Pena inspected damaged vehicle and non authorized aftermarket key, called Defendant demanding repairs/OEM key; Defendant opened

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

8

Wells Fargo case #06202508287297941, auto-emailed acknowledgment promising response within 10 days (Ex. U – Aug. 28 Call + Email 2:37 p.m.).

25. On September 6, 2025, Plaintiffs disputed Equifax; Defendant verified false July repo (Ex. H – Dispute + Receipt).

26. On September 8, 2025, per Wells Fargo's representative Crystal's incoming September 8 call instructions, Plaintiffs emailed all damage evidence. Throughout September–October 2025, Wells Fargo's representative Crystal ignored 10+ calls and call-back requests from Plaintiff Pena. (Ex. W)

27. On October 10, 2025, Defendant mailed letter: "We need more time… follow up by Nov 3"(case #06202508287297941) (Ex. V).

- Later that month, Crystal called on October 26, 2025, stated "having trouble with vendors accepting liability" and directed removal of items (sun dash damage, tires, brakes, other items) from the quote implying it was to have her vendor accept liability. The mechanic advised against alteration. After further persuasive communication with the mechanic and coordination for a second quote, Plaintiffs submitted an unreduced second estimate of $34,183.26 due to incurred storage charges from Wells Fargo's two month deliberation.

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

9

28. On November 3, 2025, Plaintiff Pena sent a "Final Escalation" email demanding repairs with a new estimate of $34,183.26 attached.

29. Defendant responded with remote silence; no resolution by EOD Nov 3. Plaintiffs filed CFPB complaint Nov 4, 2025 (Ex. O – Confirmation), that was transparently emailed to officeofthepresidenttwfauto@wellsfargo.com along with a renewed "Final Escalation" email.

- After the August 1, 2025 repossession, Defendant granted Plaintiffs two separate payment deferments. Despite Plaintiffs resuming payments, Defendant applied the most recent $722.00 payment on November 4, 2025 as follows: only $162.28 to principal and $560.40 to interest — further evidence of Defendant's predatory servicing practices and intentional inflation of any alleged deficiency. (See Exhibit CC – Payment History Screenshot / Statement dated November 11, 2025 showing interest-stuffing post-deferment.)

30. On November 5, 2025, at 1:08 p.m., Defendant called Pena **without verification** while driving with fiancée. Representative:

  - Requested already-submitted evidence (Ex. W);

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

10

- Dodged **three written-only demands**;

- Ignored **three safety warnings**;

- Used manipulation ("I understand you don't feel comfortable");

- Caused **three dangerous U-turns** + GPS distraction;

- Continued until Pena hung up (~7 min).

(Ex. M – Verizon Log + Notes)

31. Hours later **Nov 5** Triggered by CFPB complaints Evidence Manager **Debbie**, (Office of the President) called Ruiz from varied numbers, leaving voicemail **post-Pena's three verbal revocations**, despite Ruiz's **voiceless illness** (Ex. L). Debbie Directed callback to the same number as the previous non-compliant rep (Ex. N – Nov 5 Voicemail Audio + Log; Ex. L).

32. On November 5, 2025, ~8:29 p.m., Plaintiffs due to mother's current illness sent renewed written-only directive via email (juandelp77@gmail.com), referencing verbal revocations, Nov 5 harassment, and concurrent CFPB filing. *Delivered* (Ex. O; Ex. Z – Nov 5 Email).

33. Later Nov 6 — after November 5 8:29pm email + Department of Financial Services Complaint** — Debbie called Plaintiff Ruiz who was ill and voiceless **again**, leaving voicemail from a different number, routing to the same

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

11

non-compliant dept. Willful violation + retaliation (Ex. N – Nov 6 Voicemail; Ex. L, Z, O).

33.5. The November 5 and 6 calls occurred in direct response to Plaintiffs' CFPB + DFS complaints (Ex. O), constituting willful retaliation.

34. Defendant reports July 2025 repo inconsistently, despite August 1 event + August 14 reinstatement; inconsistent bureau status (Ex. P – Credit Reports).

35. Conduct mirrors CFPB Consent Order 2022-CFPB-0011 ($3.7B penalty for identical wrongful repos, fake deficiencies, inaccurate reporting; 16M+ harmed) and 2025 $2B auto loan settlement (Ex. BB – CFPB Orders + Summary).


## COUNT I

### FCRA WILLFUL VIOLATIONS (15 U.S.C. § 1681s-2(b))

**COUNT I – FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681s-2(b))**


36. Defendant is a furnisher under 15 U.S.C. § 1681s-2.

37. Violation 1: Falsely reported July 2025 repossession despite August 1, 2025 event, August 14 reinstatement, and August 28 return (Ex. H, P, R).

38. Violation 2: Fabricated $12,894 deficiency posted August 12 and visible until August 21 — 6 days post-reinstatement (Ex. P).

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

12

39. Violation 3: Failed to reasonably reinvestigate after August 28 (Case #06202508287297941) and September 6 disputes, verifying false tradeline (Ex. U, H, V, W). See *Miljkovic**, 791 F.3d 1291, 1300 (11th Cir. 2015).

## COUNT II

### FLORIDA UCC ARTICLE 9 VIOLATIONS

40. Plaintiffs reallege ¶¶ 1–39.

41. Violation 4: Breach of the Peace – Fla. Stat. § 679.609 Defendant's agent dragged the Vehicle more than 20 feet with the parking brake engaged at night without consent, in violation of § 679.609 and Florida common law. (Ex. K – aftermath video; Ex. Q – BMW Manual p. 231 "flatbed only").

42. Violation 6: Commercially Unreasonable Disposition – Fla. Stat. § 679.610 The 300-mile tow without flatbed and use of an unauthorized non-OEM key rendered every aspect of the disposition commercially unreasonable. (Ex. E, F, Q).

43. Violation 7: Damages Caused by Noncompliance – Fla. Stat. § 679.625Defendant's violations directly caused $34,183.26 in physical damage and $1,200 in key-replacement costs. (Ex. J, Y).

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

13

44. Violation 8: Fabrication of Deficiency Balance – Fla. Stat. §§ 679.615, 679.626

On August 12, 2025 — while a valid redemption/reinstatement extension was in place until August 28, 2025, and before the vehicle had been sold — Defendant posted a fictitious $12,894 "deficiency balance adjustment" that never existed. This fabricated deficiency appeared on Plaintiffs' account from August 12–21, 2025, including six days after full reinstatement on August 14, 2025, and was only removed on August 21, 2025 as a "Charge-Off Adjustment", despite no charge off. (Ex. P – August & November 2025 Month-to-Date statements; Ex. I).

## COUNT III

### N.Y. GEN. BUS. LAW § 349

### (McKINNEY'S) – DECEPTIVE ACTS AND PRACTICES

(Plaintiff Martina Ruiz against Defendant)

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

14

45. Plaintiff Martina Ruiz is a citizen and domiciliary of the State of New York with her primary residence in Brooklyn, New York. Whereas:

- On November 4, 2025, Plaintiffs filed formal consumer complaints against Defendant with the Consumer Financial Protection Bureau and the New York Department of Financial Services ("NY DFS") (Ex. O – complaint confirmations).

- On November 5, 2025 at 8:29 p.m., Plaintiffs delivered a written directive revoking consent to telephone contact and demanding all future communication be in writing only (Ex. Z – delivered email).

46. Within hours of receiving notice of the NY DFS complaint and the written revocation, Defendant's Office of the President, through representative "Debbie," deliberately placed two unsolicited telephone calls to plaintiff Ruiz on November 5 and November 6, 2025 while she was physically located in Brooklyn, New York.

- These calls originated from two different telephone numbers in an apparent attempt to evade Ruiz's revocation of consent (Ex. N – voicemail audio and logs; Ex. L – notarized declaration of Ruiz's voiceless medical condition).

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

15

- Defendant's placement of repeated, spoofed-number telephone calls into the State of New York, in direct retaliation for Ruiz's NY DFS complaint and in willful violation of her written cease-communication directive, constitutes a materially deceptive act or practice occurring within New York in violation of N.Y. Gen. Bus. Law § 349 and the debt-collection regulations promulgated by the NY DFS at 23 NYCRR Part 1.

- As a direct result of these New York-directed deceptive acts, plaintiff Ruiz suffered injury in New York in the form of extreme emotional distress, aggravation of her medical condition, and invasion of privacy (Ex. BBB – emotional distress affidavit of Ruiz).

**WHEREFORE**, plaintiff Ruiz demands statutory damages, actual damages, treble damages, attorneys' fees (if counsel is later retained), and injunctive relief pursuant to N.Y. Gen. Bus. Law § 349.

## <u>COUNT IV</u>

### <u>PUNITIVE DAMAGES</u>

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

16

47. All 10 violations willful, reckless, part of CFPB-documented pattern—warrant punitive damages (Ex. BB).

## ARBITRATION PROVISION UNENFORCEABLE

## A. MATERIAL BREACH & WAIVER

48. Contract preserves arbitration only for **lawful** self-help (Ex. A). August 1 repo = unlawful breach of peace, fabricated deficiency adjustment,  retaliatory phone calls post written only directive → material breach waives arbitration (Borck v. Holewinski, 459 So. 2d 405; Gutierrez v. Wells Fargo, 889 F.3d 1230).

49. Fabricated deficiency + false July repo breach the implied covenant of good faith and fair dealing (Fla. Stat. § 679.626).

## B. UNCONSCIONABILITY

50. Procedural: Adhesion, no negotiation, fine print (Ex. A, B).

51. Substantive: One-sided fees, limited discovery, no jury for safety crimes (Green Tree, 531 U.S. 79; Dale, 498 F.3d 1216).

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

## C. PUBLIC POLICY + PUBLIC INJUNCTIVE RELIEF

52. Shields CFPB repeat misconduct (Ex. BB). Public injunction (tradeline delete, no-calls) non-arbitrable as unconscionable under Fla. Stat. § 682.03 and FAA § 2 (see McGill v. Citibank, 2 Cal. 5th 945 (persuasive)).

53. Repo agent torts non-arbitrable.

## D. DISCOVERY MANDATORY

54. Plaintiffs have filed a concurrent **Guidotti motion** with Local Rule 7.1 certification, Rule 56(d) affidavit, and proposed order. **Arbitration enforcement is stayed** pending discovery.  Disputed facts → 90-day discovery + hearing (Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764 (3d Cir. 2013) (widely adopted in S.D. Fla.)).

## JURY WAIVER UNENFORCEABLE

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

55. Dealer waiver binds only dealer, not assignee (Fla. Stat. § 672.210; FTC

Holder).

56. Material breach + unconscionability void it. Demand jury trial (Fed. R. Civ. P.

38; 7th Amend.)

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand judgment against Defendant as follows:

| ITEM | PENA | RUIZ | TOTAL | BASIS / EXHIBIT |
|---|---|---|---|---|
| A. Compensatory Damages | | | | |
| 1.Vehicle repair + 64-day storage | $34,183.26 | $0 | $34,183.26 | § 679.625; Ex. J |
| 2. OEM key conversion | $1,230.87 | $0 | $1,230.87 | Ex. Y |
| 3. Diminished value | $6,217 | $0 | $6,217 | Ex. ZA |
| 4. Loss of use | $247/day x 108 days = $26,676 + $247/day continuing | $0 | $26,676 + $247/day | §679.625(c)(2); fair rental value – no duty to rent when unable due |

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

19

| ITEM | PENA | RUIZ | TOTAL | BASIS / EXHIBIT |
|------|------|------|-------|-----------------|
| | | | | to wrongful repo (Williamson v. Prime Sports Cars, 2023 WL 1768412) |
| 5. Emotional distress (aggravated) | $75,000 | $60,000 | $135,000 | Ex. BBB |
| Subtotal A | $143,307.13 | $60,000 | $203,307.13 | |
| B. Statutory | $3,000 | $5,000 | $8,000 | FCRA + NY GBL §349 |
| C. Punitive | $366,200 | $130,000 | $496,200 | ≈2.4:1 ratio + $2.1T assets + CFPB pattern |
| D. Injunctive | Tradeline delete, OEM key, clean title, kill arbitration | Tradeline delete, kill arbitration | | |
| E. Costs & Interest | | | ≈$7,305 | Filing, |

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

20

| ITEM | PENA | RUIZ | TOTAL | BASIS / EXHIBIT |
|---|---|---|---|---|
| | | | | service, 8.65% pre-judgment |
| TOTAL DEMANDED | | | $714,812.13 + $247 per day and continuing | |
| F. Jury Trial | | | | |

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

21



| _Juandel Pena_ | _Martina Ruiz_ |
|---|---|
| Juandel Pena | Martina Ruiz |
| Juandel Pena, Pro Se | Martina Ruiz, Pro Se |
| Broward County, FL | Brooklyn, NY |
| (718) 938-5417 | (347) 743-8966 |
| juandelp77@gmail.com | martiru3@gmail.com |

Completed via Remote Online Notarization using 2 way Audio/Video technology.

## **VERIFICATION**

### (28 U.S.C. § 1746)

We, Juandel Pena and Martina Ruiz, declare under penalty of perjury that the foregoing complaint and attached exhibits are true and correct to the best of our knowledge.

Executed: November 18, 2025

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

NotaryCam Doc ID: 44fbbfed-5f42-4a0c-a137-9ff3996b8e14

*Juandel Pena*

Juandel Pena

Juandel Pena, Pro Se

Hollywood, FL 33024

(718) 938-5417

juandelp77@gmail.com

*Martina Ruiz*

Martina Ruiz

Martina Ruiz, Pro Se

Brooklyn, NY

(347) 743-8966

martiru3@gmail.com

Completed via Remote Online Notarization using 2 way Audio/Video technology.

---------------------------------------------------------------------------

STATE OF ~~FLORIDA~~ Virginia

COUNTY OF ~~BROWARD~~ James City County

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence

or ☑ online notarization, this 18th day of November, 2025, by

JUANDEL PENA and MARTINA RUIZ, who ☐ are personally known to me or

☑ have produced  FLORIDA DRIVER LICENSE FOR JUANDEL
                 NEW YORK DRIVER LICENSE FOR MARTINA   as identification.

Completed via Remote Online Notarization using 2 way Audio/Video technology.

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

NotaryCam Doc ID: 44fbbfed-5f42-4a0c-a137-9ff3996b8e14

(Signature of Notary Public – State of ~~Florida~~) Virginia

Dennis Trung Giang

(Print, Type, or Stamp Commissioned Name of Notary Public)

DENNIS TRUNG GIANG
Electronic Notary Public
Commonwealth of Virginia
Registration No. 8040912
My Commission Expires Dec 31, 2027

My Commission Expires: 12/31/2027

Dennis Trung Giang, Notary Public in the State of Virginia, My commission number is 8040912.

Completed via Remote Online Notarization using 2 way Audio/Video technology.

Pro Se Filing – Leniency Requested Under Haines v. Kerner, 404 U.S. 519 (1972).

NotaryCam Doc ID: 44fbbfed-5f42-4a0c-a137-9ff3996b8e14