UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62431-CIV-DAMIAN/AUGUSTIN-BIRCH

JUANDEL PENA and
MARTINA RUIZ,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

**ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION [ECF NO. 37] ON PLAINTIFFS'
RENEWED MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 14]**

**THIS CAUSE** is before the Court on Magistrate Judge Panayotta Augustin-Birch's

Report and Recommendation on Plaintiffs' Renewed Motion for Preliminary Injunction

("Report") [ECF No. 37], entered on February 19, 2026.

THE COURT has considered the Report, the pertinent portions of the record, and

relevant authorities and is otherwise fully advised.

Plaintiffs, Juandel Pena and Martina Ruiz, proceeding *pro se*, filed this action under

the Fair Credit Reporting Act ("FCRA") against Defendant, Wells Fargo Bank, N.A.

("Wells Fargo") on November 26, 2025. [ECF No. 1]. On December 5, 2025, Plaintiffs filed

the Renewed Motion for Preliminary Injunction ("Motion") now before the Court. [ECF

No. 14]. In the Motion, Plaintiffs argue they have suffered harm as the result of Wells

Fargo's inaccurate reporting and request immediate injunctive relief. *Id*. Wells Fargo filed a

Response to the Motion [ECF No. 16], and Plaintiffs filed a Reply [ECF No. 17]. After the

Motion was fully briefed and ripe for review, on February 19, 2026, U.S. Magistrate Judge Augustin-Birch entered the Report recommending that the Motion be denied. [ECF No. 37]. No party filed objections to the Report or requested additional time within which to do so, and the deadline for filing objections has passed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with Judge Augustin-Birch's well-reasoned findings and thorough analyses and conclusions and agrees with Judge Augustin-Birch's recommendation that the Motion for Preliminary Injunction be denied.

Accordingly, for the reasons set forth, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 37]** is **AFFIRMED AND ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. Plaintiffs' Renewed Motion for Preliminary Injunction **[ECF No. 14]** is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 5th day of May, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Magistrate Judge Panayotta Augustin-Birch

Juandel Pena, *Pro se*
7170 Custer Street
Hollywood, FL 33024
718-938-5417

Martina Ruiz, *Pro se*
24 Monument Walk 3E
Brooklyn, NY 11205
347-743-8966

3