UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62431-CIV-DAMIAN/AUGUSTIN-BIRCH

JUANDEL PENA and MARTINA RUIZ,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION [ECF NO. 65]
ON DEFENDANT'S MOTION TO COMPEL ARBITRATION
AND STAY ALL COURT PROCEEDINGS [ECF NO. 45]

**THIS CAUSE** is before the Court on United States Magistrate Judge Panayotta Augustin-Birch's Report and Recommendation on Defendant's Motion to Compel Arbitration and Stay All Court Proceedings [ECF No. 65] (the "Report"), entered on May 28, 2026.

THE COURT has considered the Report, the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

On November 26, 2025, Plaintiffs, Juandel Pena and Martina Ruiz ("Plaintiffs"), proceeding *pro se*, filed a Complaint against Defendant, Wells Fargo Bank, N.A. ("Defendant), asserting violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, Florida's UCC Article 9, and New York common law arising from Defendant's repossession of a vehicle that Plaintiffs financed with Defendant. [ECF No. 1]. On December 26, 2025, Defendant filed an Answer and Affirmative Defenses, asserting its right to arbitration pursuant to a Retail Installment Sale Contract that Plaintiffs executed when

financing the vehicle. [ECF No. 19]. On February 27, 2026, Defendant filed the Motion now before this Court seeking to compel arbitration and stay this case. [ECF No. 45]. On March 13, 2026, Plaintiffs filed a Response [ECF No. 46], and on March 30, 2026, Defendant filed a Reply [ECF No. 59].

On May 27, 2026, Magistrate Judge Augustin-Birch entered the Report recommending that the Motion to Compel Arbitration be granted and that, in accordance with 9 U.S.C. § 3, this matter be stayed pending arbitration. [ECF No. 65]. No party filed objections to the Report or requested additional time within which to do so, and the deadline for filing objections has passed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with Judge Augustin-Birch's well-reasoned findings and thorough analyses and conclusions and agrees with her recommendation that the Motion to Compel Arbitration be granted and the matter stayed pending arbitration.

Accordingly, for the reasons set forth, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 65]** is **AFFIRMED AND ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. Defendant's Motion to Compel Arbitration and Stay All Court Proceedings **[ECF No. 45]** is **GRANTED**.

3. The parties are **ORDERED** to submit this dispute to arbitration.

4. Every **ninety (90) days** from the date of this Order, the parties shall file a joint status report on the progress of their arbitration proceedings.

5. This matter is **STAYED** pending the completion of arbitration.[1]

---

[1] Although Defendant asks this Court to dismiss Plaintiffs' claims with prejudice (*see* Reply at 11), the Federal Arbitration Act ("FAA") directs that, once a court determines an issue should be arbitrated, it "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3. While some courts have dismissed, rather than stayed, cases in this posture, the Eleventh Circuit has expressed a preference for cases to be stayed rather than dismissed when a claim is subject to arbitration under the FAA. *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration." (citing 9 U.S.C. § 3); *see also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) ("[T]he FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding 'is referable to arbitration under an agreement in writing for such arbitration'...." (emphasis removed) (quoting 9 U.S.C. § 3)).

6. The Clerk of Court is directed to **CLOSE** this case for *administrative and statistical purposes only*.

7. All pending deadlines are **TERMINATED**, and any other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 25th day of June, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Panayotta Augustin-Birch

Juandel Pena
7170 Custer Street
Hollywood, FL 33024

Martina Ruiz
24 Monument Walk 3E
Brooklyn, NY 11205

Counsel of record

4